UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Kevin Walsh, *et al.*,

    Plaintiffs,

v.

Columbus, Electric, Inc., *et al.*,

    Defendants.

Case No. 2:20-cv-2857

Judge Michael H. Watson

Magistrate Judge Deavers

## OPINION AND ORDER

Plaintiffs assert claims under both the Fair Labor Standards Act ("FLSA") and Ohio law for, primarily, unpaid overtime. Am. Compl., ECF No. 3. The parties move for preliminary approval of settlement. Mot., ECF No. 44.

The settlement appears to be structured such that any Rule 23(b)(3) class member who does not opt-out of the Rule 23(b)(3) class releases both their FLSA and state-law claims. Although there appears to be a difference of opinion on the subject, the Undersigned finds such a settlement antithetical to the purposes behind FLSA collective actions, which require a plaintiff to affirmatively opt into the lawsuit by filing a consent to join form with the Court. *E.g., Hodges v. 77 Grandville*, No. 1:19-cv-81, 2021 WL 5924863, at *1 (W.D. Mich. June 22, 2021) ("Federal courts generally agree that FLSA claims cannot be settled through a Rule 23 class action."); *Cf. Donatti v. Charter Commc'ns, L.L.C.*, No. 11-4166-CV-C-MJW, 2012 WL 5207585, at *3 (W.D. Mo. Oct. 22, 2012) ("The FLSA statute and case law do not support that FLSA claims can be resolved by

settlement or otherwise based on Rule 23 opt-out procedures. While Rule 23 and section 216(b) can proceed concurrently in the same case, they must be resolved separately." (citations omitted)).

The Court therefore **DENIES** the parties' motion for approval. The parties shall notify the Court within **FOURTEEN DAYS** whether they wish to pursue litigation or whether they wish to attempt to negotiate a settlement that resolves the FLSA claims of only those class members who opt into the settlement by filing consent to join notices with the Court.

Moreover, any future motion for settlement approval shall indicate the total amount of damages Plaintiffs forecasted based on discovery and the percentage of recovery that the gross settlement amount represents. The Court is unable to determine, with the current information provided, whether the gross $183,680.73 settlement is fair for Plaintiffs unless it can compare that recovery to some sort of benchmark.

Finally, the parties shall limit any redefined classes to those employees who worked over forty hours in any given workweek, See Am. Compl. ¶¶ 65, 69, ECF No. 3, or explain why such limitation is unnecessary for the claims asserted.

The Clerk shall terminate ECF No. 44.

**IT IS SO ORDERED.**

_/s/ Michael H. Watson_
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**