**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**Kevin Walsh,** *et al.,*

**Plaintiffs,**                                    **Case No. 2:20-cv-2857**

**v.**                                                   **Judge Michael H. Watson**

**Columbus Electric, Inc.,** *et al.,*         **Magistrate Judge Deavers**

**Defendants.**


**OPINION AND ORDER**

Kevin Walsh, Bradley Miller, and Matt Kropf, Jr. (collectively, "Representative Plaintiffs") sued Columbus Electric, Inc., Columbus Rooter, LLC, Cleveland Rooter, LLC, Butterfly, Inc., Toledo Rooter, LLC, Northwest Ohio Rooter, LLC, and Megan McKay (collectively, "Defendants") (collectively with Representative Plaintiffs, "the Parties") on behalf of themselves and others similarly situated for unpaid overtime wages and other relief under the Fair Labor Standards Act ("FLSA") and analogous state laws.  Am. Compl., ECF No. 3. Representative Plaintiffs allege that Defendants failed to properly pay them and other similarly situated employees for overtime hours worked and that, when Defendants did pay them for overtime hours, Defendants failed to pay them the proper overtime rate. *Id*.  The Court has not yet conditionally certified a collective. *See generally*, docket.  However, in addition to Representative

Plaintiffs, three other opt-in plaintiffs have already joined the action.  *See* ECF Nos. 1-1, 1-2 & 15.

The Parties have settled the FLSA claims, will dismiss the state-law claims, and jointly move for approval of their settlement agreement.  Mot., ECF No. 50.  The Parties move to certify a collective of the purpose of settlement consisting of "all of Defendants' current and former employees who worked as non-exempt electrical technicians and plumbing technicians and received commissions/bonuses and who worked over 40 hours in any workweek from June 2, 2017 to February 14, 2021."  Settlement Agmt. ¶¶ 15 & 27, ECF No. 50-1.

"As a general rule, employees' claims under the FLSA are non-waivable and may not be settled without supervision of either the Secretary of Labor or a district court."  *Gentrup v. Renovo Servs., LLC*, No. 1:07-cv-430, 2011 WL 2532922, at *2 (S.D. Ohio June 24, 2011) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982)).  To approve a settlement agreement, a court must conclude that it is a "fair, reasonable, and adequate" resolution of a bona fide legal dispute.  *Int'l Union, United Auto, Aerospace, and Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007) (discussing a class action settlement under Federal Rule of Civil Procedure 23); *see also Vigna v. Emery Fed. Credit Union*, No. 1:15-cv-51, 2016 WL 7034237, at *3 (S.D. Ohio Dec. 2, 2016) (applying the same analysis to an FLSA settlement).  Factors relevant to this determination include:

"(1) the risk of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery completed; (4) the likelihood of plaintiff's success on the merits; and (5) the public interest in settlement." *Clevenger v. JMC Mech., Inc.*, No. 2:15-cv-2639, 2015 WL 12681645, at *1 (S.D. Ohio Sept. 25, 2015) (citation omitted). "The court may choose to consider only factors that are relevant to the settlement at hand and may weigh particular factors according to the demands of the case." *Gentrup,* 2011 WL 2532922, at *3 (citation omitted). Additionally, the Court must separately assess the reasonableness of any proposed award of attorneys' fees and costs, even when they are negotiated as part of the settlement. *Vigna*, 2016 WL 7034237, at *4.

After a careful review of the proposed settlement agreement, the Court finds that the settlement agreement is a fair, reasonable, and adequate resolution of a bona fide legal dispute between the Parties.

There is a bona fide dispute in this case, as the parties dispute, *inter alia*, whether Defendants failed to pay certain employees at the overtime rate for all hours worked in excess of forty hours per week and, when Defendant did pay employees for overtime hours, whether Defendant properly calculated the overtime rate of pay. The parties also dispute whether a two or three year limitations period applies, whether liquidated damages are appropriate, and whether the claims can proceed as a collective. There is no indication that the settlement was reached by anything other than arms' length negotiations

between counsel.  The settlement will avoid expensive litigation for both sides, including possible class certification motions, remaining discovery, dispositive motions, trial, and possible appeals.  Further, the parties represent that they engaged in substantial investigation of these claims, produced and analyzed significant discovery, and assessed their respective risks of loss.

The total settlement amount is $183,680.73.  Settlement Agmt. ¶ 16, ECF No. 50-1.  Under the agreement, Representative Plaintiffs will each receive a $5,000 service award.  *Id.* ¶ 55.  The Settlement Agreement also awards Representative Plaintiffs' counsel attorneys' fees of $61,226.91, settlement administration costs of $6,500, and litigation costs of $436.20.  *Id.* ¶¶ 15 & 54.  This leaves a net settlement amount of $100,517.62.  The parties have identified approximately 212 individuals who meet the collective definition.  *Id.* ¶ 15.  The net settlement amount represents approximately 57% of the overtime damages incurred between June 2, 2017 and February 14, 2021, calculated from a random representative sample of eligible settlement participants.  *Id.* ¶ 43.  Each settlement award will be calculated proportionally, and each eligible participant shall be eligible to receive a minimum settlement award of $20.  *Id.* ¶ 45.  If an eligible participant does not submit a timely opt-in consent form, their individual payment will revert to Defendant, but that eligible participant does not release their claims against Defendant.  *Id.* ¶ 47.

These payments are reasonable.  *See Vigna*, 2016 WL 7034237, at *2–4 (approving a settlement that represented approximately 55% of allegedly owed

wages); *Hadix v. Johnson*, 322 F.3d 895, 897 (6th Cir. 2003) (observing that "[n]umerous courts" have found that service awards are "efficacious ways of encouraging members of a class to become class representatives and rewarding individual efforts taken on behalf of the class").  That the payments cover over three- and one-half years of wages make the settlement all the more reasonable given that there is a bona fide dispute as to whether a two or three year limitations period should apply.

Moreover, attorney's fees in the amount of $61,226.91, plus costs—representing approximately 33% of the total settlement amount—are reasonable. *See Hebert v. Chesapeake Operating, Inc.*, No. 2:17-CV-852, 2019 WL 4574509, at *8 (S.D. Ohio Sept. 20, 2019) ("33% is typical for attorney's fees in common fund, FLSA collective actions in this District.").  Counsel's request for $6,500 in settlement administration costs and $436.20 in litigation costs is also reasonable.

The Parties' joint motion, ECF No. 50, is **GRANTED**, including its request for attorney's fees and costs, to settle Representative and opt-in Plaintiffs' FLSA claims.  The settlement agreement and proposed notice and claim forms are **APPROVED**.  The Court **DISMISSES** the case **WITH PREJUDICE** but retains jurisdiction to enforce the terms of the settlement agreement.  The Clerk is **DIRECTED** to close the case.

      **IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**